UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80040-CIV-MIDDLEBROOKS/BRANNON

ROYAL PALM PROPERTIES, LLC,
    Plaintiff,

vs.

PREMIER ESTATE PROPERTIES, INC.,
*et al.*,
    Defendants.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendants Premier Real Estate Properties, Inc. ("Premier"), Gerard Liguori, Joseph Liguori, and Carmen D'Angelo Jr.'s (collectively, "Defendants") Motion for Summary Judgment (DE 19) ("Motion"), filed February 22, 2013. Plaintiff Royal Palm Properties, LLC ("Plaintiff") filed a Response (DE 28) on March 11, 2013, to which Defendants filed a Reply (DE 30) on March 18, 2013.

Plaintiff filed this action on January 11, 2013, alleging violations of the Lanham Act, 15 U.S.C. § 1125(a), as well as Florida's common law bar against unfair competition. Specifically, Plaintiff alleges that Defendants intentionally disseminated on their website real estate listing information "which is false and misleading with respect to the number of current listings in the Royal Palm [Yacht & Country Club] community and with respect to the identity of [Plaintiff] as listing agent." (DE 1 at ¶ 42). Defendants filed their Answer (DE 13) to the Complaint on February 19, 2013. Then, three days later, before any opportunity for discovery, Defendants filed the instant Motion for Summary Judgment.[1]

---

[1] In fact, the Motion was filed four days before the pretrial scheduling conference in which the deadline to complete discovery was set for July 1, 2013. (*See* DE 23).

1

In the Motion, Defendants argue that the "overwhelming evidence" is that a technical glitch occurred between Regional Multiple Listing Service, Inc. (the "RMLS") and an intermediary, and that Defendants did not play any role is causing the glitch. Defendants also argue that "an application of the facts to the Lanham Act shows no violations." (DE 19 at 8). In support of their Motion, Defendants submitted affidavits from Seth Kaplan, Robert Hietanen, Joseph Liguori, Gerard Liguori, and Carmen D'Angelo, as well as several e-mails.

In response, Plaintiff argues, *inter alia*, that the Motion is premature at this time since Plaintiff has not had the opportunity to conduct any discovery whatsoever in the case. The Court agrees with Plaintiff to the extent it argues that summary judgment should be denied as premature. At the time of the Motion, Plaintiff had no opportunity to conduct any discovery. Accordingly, Plaintiff cannot be expected to consummately respond to the factual contentions Defendants raise in their Motion. *See Smith v. Florida Dep't of Corrections*, 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition.").

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (DE 19) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 12th day of July, 2013.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record